UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| CHAD JASON MERRIAM | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL NO. 1:18cv80 |
| | ) | |
| GC SERVICES, and ALLIED INTERSTATE, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

OPINION AND ORDER

This matter is before the court on a partial motion to dismiss for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6), filed by defendant Allied Interstate, LLC ("Allied") on May 9, 2018. The plaintiff, Chad Jason Merriam ("Merriam"), has declined to file a response.

For the following reasons the motion will be granted.

Discussion

When ruling on a motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6), a court must view the allegations in the complaint in the light most favorable to the plaintiff, consider the allegations of the complaint as true, and accept all reasonable inferences drawn from the complaint. *See Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L.Ed.2d 90 (1974)(abrogated on other grounds); *Borsellino v. Goldman Sachs Group, Inc.*, 477 F.3d 502, 507 (7th Cir. 2007). The court must limit its consideration to the pleadings and the written instruments attached to it as exhibits. Fed. R. Civ. P. 12(d).

The purpose of a motion brought pursuant to Fed. R. Civ. P. 12(b)(6) is to test the facial

sufficiency of a complaint. The rule permits dismissal of a complaint that fails to state a claim upon which relief can be granted. It is read alongside Fed. R. Civ. P. 8(a)(2), which requires a short and plain statement of the claim showing that the pleader is entitled to relief. To survive a 12(b)(6) motion to dismiss, a complaint need not be detailed, but the factual allegations contained therein must be enough to raise a right to relief above the speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1964-65, 167 L.E.2d 929 (2007).

In the present case, on March 7, 2018, in state court, Merriam filed his Complaint for Civil Penalties, Injunctive Relief, and Other Relief against Defendants, GC Services, and Allied+. The case was subsequently removed to this Court on April 4, 2018. The Complaint consists of eight Counts and a Request for Injunctive and Equitable Relief, for violations of the Fair Debt Collection Practices Act ("FDCPA") and the Federal Trade Commission Act ("FTC Act"). As to the FTC Act, the Plaintiff cites to 15 U.S.C. §53(b), and §57(b), and 15 U.S.C. §45(m)(1)(A). However, the FTC Act does not create a private right of action. *Holloway v. Bristol-Myers Corp.*, 485 F.2d 986, 989 (D.C.Cir. 1973); *Rosco v. Equifax*, 2015 U.S. Dist. Lexis 38112 at *5 (N.D. Ind.).

Likewise, as to Merriam's claims for equitable and injunctive relief pursuant to the FDCPA, the FDCPA does not provide a private right of action for equitable or injunctive relief. *Crawford v. Equifax Payment Servs., Inc.,* 201 F.3d 877, 882 (7th Cir. 2000); *Bolin v. Sears Roebuck & Co.*, 231 F.3d 970, 977 n.39 (5th Cir. 2000); *Catuara v. Heavner Handegan Scott & Beyers*, 2003 U.S. Dist. LEXIS 8027 at * 4 (N.D. Ill); *Zanni v. Lippold*, 119 F.R.D. 32, 1988 LEXIS U.S. Dist. 1175 (C.D. Ill).

Accordingly, as Merriam fails to state a claim as to these claims, they will be dismissed

with prejudice.

## Conclusion

On the basis of the foregoing, Allied's partial motion to dismiss is hereby GRANTED. Merriam's claims against Allied under the FTC are hereby DISMISSED WITH PREJUDICE. Further Merriam's claims for equitable or injunctive relief under the FDCPA are also DISMISSED WITH PREJUDICE.

Entered: June 21, 2018.

s/ William C. Lee  
William C. Lee, Judge  
United States District Court