UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| CHAD JASON MERRIAM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 1:18-CV-80 |
| | ) |
| GC SERVICES and ALLIED INTERSTATE, LLC, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

This matter is before the Court on the Partial Motion to Dismiss filed by Defendant GC Services on September 17, 2018 (ECF 40). Plaintiff Chad Merriam filed a response to the motion on October 11 (ECF 44) and GC Services filed a reply on October 18 (ECF 46). For the reasons discussed below, **the motion is GRANTED in part and DENIED in part, and Plaintiff is directed to file an amended complaint within 14 days of the date of this order.**

## STANDARD OF REVIEW

GC Services brings its motion pursuant to Federal Rule 12(b)(6), which allows a defendant to move to dismiss a complaint that fails to "state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). When deciding a motion to dismiss under Rule 12(b)(6), the court accepts as true all factual allegations in the complaint and draws all inferences in favor of the plaintiff. *Bielanski v. County of Kane*, 550 F.3d 632, 633 (7th Cir. 2008). A complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). "'A motion to dismiss pursuant to Rule 12(b)(6) challenges the viability of a complaint by arguing that it fails to state a claim upon which relief may be granted.'" *Savoy v.*

*BMW of N. Am., LLC*, 313 F.Supp.3d 907, 913 (N.D. Ill. 2018) (quoting *Firestone Fin. Corp. v. Meyer*, 796 F.3d 822, 825 (7th Cir. 2015)). To survive such a motion, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. In deciding a motion to dismiss under Rule 12(b)(6), the Court must accept the factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Tobey v. Chibucos*, 890 F.3d 634, 644-46 (7th Cir. 2018).

## DISCUSSION

Chad Merriam filed this lawsuit in state court on March 7, 2018, and the Defendants removed it to this Court on April 4. Complaint (ECF 2); Notice of Removal (ECF 1). Merriam asserts several claims against GC Services and Allied Interstate for alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. and the Federal Trade Commission Act, 15 U.S.C. § 41 *et seq*. Complaint, generally. Merriam alleges that GC Services and Allied Interstate violated the FDCPA and FTC Act in a host of ways while they were attempting to collect Merriam's student loan debt, including making misrepresentations about the amount he owed, engaging in unlawful (i.e., repeated and harassing) communications with Merriam, and unlawfully communicating Merriam's financial information to third parties. *Id*., pp. 2-11. He also asserts a state law claim for "tortious interference with his job." *Id*., pp. 9-10. It is not necessary

2

to set out the factual details of each of Merriam's claims since he concedes in his response brief that many of them should be dismissed, as discussed below.[1]

GC Services argues that most of Merriam's claims should be dismissed because they lack any legal foundation or because they seek damages and remedies not provided for in the FDCPA. In support of its motion, GC Services contends as follows:

> Merriam's Complaint is subject to several noticeable fatal flaws. Specifically, Merriam seeks recovery and relief via statutory sections that provide no private cause of action; seeks recovery for actions outside of the statute of limitations; seeks the recovery of damages in excess of those which are statutorily provided; and fails to state a plausible claim for tortious interference. Because of these flaws . . . GC Services' 12(b)(6) partial motion to dismiss should be granted.

Brief in Support of Partial Motion to Dismiss (ECF 41), p. 1. Just as it is not necessary to delve into the factual details of Merriam's individual claims, it is likewise unnecessary to engage in much analysis of each of GC Services' arguments in support of dismissal of those claims, since Merriam concedes most of them. Accordingly, the following summary of GC Services' arguments is sufficient:

1) Merriam's claims under the FTC are improper because "the FTC Act does not create a private right of action." Brief in Support, p. 4;

---

[1] Merriam presumably realized he had no retort to the arguments presented in GC Services' motion, given that Defendant Allied Interstate, LLC, filed its own Rule 12(b)(6) motion to dismiss on May 9, 2018 (ECF 20), raising the same issues raised now by GC Services, i.e., that Merriam's claims under the FTC Act must be dismissed because that statute does not provide a private cause of action and his claims for injunctive and other equitable relief are legally baseless because the FDCPA does not provide for such relief. Merriam failed to respond at all to Allied Interstate's motion to dismiss, which the Court granted on June 21, 2018. Opinion and Order (ECF 24) (dismissing with prejudice Merriam's claims under the FTC Act and his claims for equitable or injunctive relief under the FDCPA). He has responded to GC Services' motion by conceding most of the Defendant's arguments, voluntarily dismissing many of his claims, and requesting leave to amend his Complaint.

2) Merriam's "claims for equitable and injunctive relief pursuant to the FDCPA are improper as the FDCPA does not provide a private right of action for equitable or injunctive relief." *Id*., p. 5;

3) Merriam seeks penalties in excess of the amounts expressly permitted under the applicable statutes. *Id*.;

4) Merriam seeks relief for claims that "are untimely and thus barred by the FDCPA's one year statute of limitations." *Id*., p. 7; and

5) Merriam "has failed to plead any of the elements of tortious interference[]" and any such state law claim is "preempted and barred by the [Federal Credit Reporting Act]." *Id*., pp. 8-10. GC Services insists that "[b]ecause of these shortcomings, this Court must grant Defendant GC Services' Partial Motion to Dismiss[.]" *Id*., p. 10.

Merriam's response to GC Services' motion is nothing if not succinct. It is five pages long but the first three of those are a recitation of the law concerning the Rule 12(b)(6) standard of review.[2] On page four of his response brief, Merriam states that he is "[c]utting to the chase[]" and offers the following responses to GC Services' arguments (quoted verbatim):

> 1. Plaintiff has plead sufficient material facts. For the court to review and make a determination, there is much more than a recital of "buzz" words in his complaint.
>
> 2. As to paragraph 10-12, there was a "typo." Both Allied and GC Services are Defendants. As to Count IV, Count V should be IV. The same applies to Count ix paragraphs 37-46. For the court to allow to clarify and file an amended complaint would serve all parties and the court well.

---

[2] GC Services argues in its reply brief that Merriam's response "incorrectly identified the governing standard for a 12(b)(6) motion to dismiss[]" by "cit[ing] Seventh Circuit precedent, prior to the United States Supreme Court rulings in *Twombly* and *Iqbal*. . . . As such, the standard of review Plaintiff cites in his response to GC's Partial Motion to Dismiss is incorrect." Reply in Support (ECF 46), pp. 1-2. GC Services raises a valid point, but the matter doesn't warrant discussion since the Court is confident it has applied the proper standard of review.

> 3. Plaintiff, dismisses with prejudice paragraphs 15, 19, 22, 26, 29, 32 and 36, as to Defendant GC Services, as well as paragraphs 47-51 of the complaint.
>
> 4. Plaintiff also dismisses with prejudice paragraphs 47 and 48 of the complaint.
>
> 5. It was a typo as to the dollar amount. It is not $11,000 but $1,000 per suit.
>
> 6. As to the FDCPA violations, the violations were on going.
>
> 7. As to Plaintiff's tortious interference claim, Plaintiff moves the court to amended this claim (County IC)[3] within 14 days of issuing its order on the motion to dismiss under FRCP 12(b)(6).

Plaintiff's Response (ECF 44), p. 4 (grammar, punctuation and spelling in original). Merriam concludes by summarizing as follows:

> Plaintiff moves the court to dismiss paragraphs 15, 19, 22, 26, 29, 32, 36, 47, 48, 49, 50 and 51. Defendant GC Services with prejudice and amend his complaint within 14 days of the court's order/judgment on the Defendant's 12(b)(6) motion as to the Plaintiff's tortious interference claim, and for all other just and proper relief.

*Id*., pp. 4-5 (grammar and punctuation in original). Merriam's sloppy brief is clear in one respect–he is agreeing to the dismissal of most of his claims against GC Services.

Paragraphs 15, 19, 22, 26, 29, 32 and 36 of Merriam's Complaint include his allegations that GC Services violated the FTC Act–the Act that GC Services correctly argues "does not create a private right of action" in the first place. Brief in Support, p. 4. By explicitly agreeing to "dismiss paragraphs 15, 19, 22, 26, 29, 32, [and] 36," of his Complaint, Merriam is implicitly conceding GC Services' motion as it pertains to his claims under the Federal Trade Commission Act, 15 U.S.C. § 45(a). Accordingly, those claims are dismissed with prejudice.

---

[3] "County IC" is another in the collection of typographical and grammatical errors in Merriam's brief. He meant to write "Count IX," referring to the ninth claim in his Complaint (although it is actually the eighth claim since Merriam also misnumbered the "counts" in his Complaint).

Paragraphs 47 and 48 of Merriam's Complaint are requests for injunctive and "all equitable and ancillary relief[.]" Complaint, p. 10. These paragraphs are the ones challenged by GC Services on the basis that "[a]s this very Court has held, the FDCPA does not provide a private right of action for equitable or injunctive relief." Brief in Support, p. 5 (citing Court's Opinion and Order of June 21, 2018). Again, by expressly stating his intent to dismiss paragraphs 47 and 48 of his Complaint, Merriam is conceding GC Services' motion to dismiss as it pertains to his claims for injunctive or other equitable relief, and those claims are dismissed with prejudice.

Paragraphs 49, 50 and 51 comprise the entirety of a section of Merriam's Complaint titled "Civil Penalties for Violation of the FDCPA." Complaint, p. 11. Paragraph 49 alleges that GC Services and Allied Interstate violated the FDCPA; paragraph 50 states that Merriam is seeking "monetary civil penalties" for "[e]ach instance within five (5) years preceding the filing of this Complaint."; and paragraph 51 states that "the FTC Act, . . . the FDCPA . . . and Section 4 of the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461, as amended, authorizes [sic] the Court to award monetary civil penalties of not more than $11,000 for each violation of the FDCPA before February 10, 2009, and not more than $16,000 for each violation of the FDCPA after that date." Complaint, p. 11. As stated above, Merriam admitted in his response brief that there was a scrivener's error in this paragraph and that the statute permits an award of $1,000 per violation, not $11,000. In any event, Merriam has expressly stated his intent to "dismiss[] with prejudice . . . as to GC Services . . . paragraphs 47-51 of the complaint." Brief in Response, p. 4. Accordingly, Merriam's claims for damages as alleged in paragraphs 47 through 51 of his Complaint are dismissed with prejudice.

There are two arguments presented in GC Services' motion to dismiss that Merriam opposes. The first is its argument that Merriam is attempting to amend his Complaint through his response brief by alleging for the first time that the Defendants' violations of the FDCPA were ongoing over a period of years, which GC Services insists is an improper attempt to circumvent the one-year statute of limitations. The second contested issue is GC Services' argument for dismissal of Merriam's state law tortious interference claim.

As to the issue of "ongoing" violations, GC Services, argues that Merriam "in an attempt to circumvent the FDCPA's one year statute of limitations, Plaintiff claims for the first time that GC's alleged FDCPA violations 'were on going.' . . . Plaintiff did not raise this argument and theory in his Complaint. . . . Rather, he now impermissibly seeks to amend his Complaint via his Response rather than seek leave of the Court to amend his Complaint[.]" *Id*., p. 4. GC Services then presents arguments challenging the merits of Merriam's "continuing violation" claim. *Id*., pp. 4-5. These substantive arguments, however, are for another day–a subsequent motion to dismiss or motion for summary judgment, for example–since the Court concludes today that Merriam should be afforded an opportunity to amend his Complaint to clarify his claims. Therefore, the Court denies GC Services' motion for partial dismissal on the issue of the applicable FDCPA statute of limitations in lieu of allowing Merriam an opportunity to amend his Complaint to clarify the factual and legal bases for his FDCPA claims against *both* Defendants.

As to Merriam's state law claim, GC Services argues that "[a] review of Merriam's Complaint clearly shows that he has failed to plead any of the elements of tortious interference." Brief in Support, p. 8. GC Services insists that Merriam's tortious interference claim fails for several reasons. *Id*., pp. 8-10. These challenges, though, go to the merits of the claim rather than

7

its facial sufficiency. Rather than muster any sort of retort, Merriam writes in his response that "[a]s to Plaintiff's tortious interference claim, Plaintiff moves the court to amended [sic] this claim (County IC) [sic] within 14 days[.]" Brief in Response, p. 4. GC Services objects to Merriam's request because "the appropriate mechanism for amending a complaint is laid out by Federal Rule of Civil Procedure 15(a)[]" and this Court's "Local Rule 15-1(a)" but Merriam has not complied with those rules. Reply in Support, pp. 5-6. GC Services also argues that Merriam's "request deprives GC of its right to object to Plaintiff's proposed amendment." *Id*. Once again, GC Services raises a legitimate argument–Merriam clearly failed to comply with Rule 15. Still, the Court will grant Merriam's request and afford him one opportunity to file a coherent amended complaint–one that clearly and concisely sets out his remaining FDCPA claims and his tortious interference claim. The Defendants might be losing an opportunity to object to a proposed amended complaint before it is filed, but they will not lose their ability to file a second dispositive motion should they conclude that one is warranted. The Seventh Circuit has consistently held that when a district court grants a motion to dismiss under Rule 12(b)(6), it should almost always grant the plaintiff at least one opportunity to amend the challenged complaint. *See Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago*, 786 F.3d 510, 518-23 (7th Cir. 2015); *Bausch v. Stryker Corp.*, 630 F.3d 546, 561-62 (7th Cir. 2010); *Foster v. DeLuca*, 545 F.3d 582, 583-85 (7th Cir. 2008). As those cases explain, the purpose of granting leave to amend is to allow the plaintiff a chance to fix curable pleading deficiencies, such as failing to allege enough factual matter to state a plausible claim for relief. *See Runnion*, 786 F.3d at 518 (explaining that leave to amend should be granted so that the plaintiff would have an "opportunity to try to correct the deficiencies the court had identified"); *Bausch*, 630 F.3d at 562

(stating that leave to amend should ordinarily be granted at least once "when there is a potentially curable problem with the complaint"). In these situations, the plaintiff may be able to allege the factual matter that the district court found lacking, and so the court's granting leave to amend allows the case to be decided on the merits rather than on a technical pleading defect. *See Runnion*, 786 F.3d at 520 (citing authority stating that the federal rules favor "deciding cases on the basis of the substantive rights involved rather than on technicalities"). And as this Court has noted many times, it is well established that "[t]he decision whether to grant or deny a motion to amend lies within the sound discretion of the district court." *First Sales, LLC v. Water Right, Inc.*, 2018 WL 4611028, at *1 (N.D. Ind. Sept. 26, 2018) (citing *Campbell v. Ingersoll Milling Mach. Co.*, 893 F.2d 925, 927 (7th Cir. 1990)); *see also*, *Stewart v. Jackson*, 2018 WL 4561588, at *3 (N.D. Ind. Sept. 21, 2018) (same); *Empress Casino Joliet Corp. v. Balmoral Racing Club, Inc.*, 831 F.3d 815, 831 (7th Cir. 2016) ("Leave to amend pleadings is left to the sound discretion of the district court.") (citing *McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 684 (7th Cir. 2014); *Trustmark Insurance Co. v. General & Cologne Life Re of America*, 424 F.3d 542, 553 (7th Cir. 2005)). In the present case, Merriam's Complaint is a messy and confusing piece of prose–full of claims and remedy requests that he concedes are not cognizable. It is Merriam's responsibility to clean everything up in a more carefully crafted amended complaint, and justice and fairness require that he be afforded that opportunity. The Court is hopeful that this order dismissing many of Merriam's claims, coupled with his anticipated amended complaint, will clean things up by removing the many baseless claims and groundless requests for relief that clutter Merriam's original Complaint and clarifying his remaining claims. If Merriam can rescue any claims in this case he should be afforded an opportunity to do so.

## CONCLUSION

The Partial Motion to Dismiss filed by Defendant GC Services (ECF 40) is GRANTED in part and DENIED in part, as set forth above. Plaintiff is directed to file an amended complaint within 14 days of the date of this order.

Date: October 31, 2018.

/s/ William C. Lee
William C. Lee, Judge
U.S. District Court
Northern District of Indiana